IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | No. 3:23-CR-127-KAC-DCP |
| LLOYD D. RANDALL and ) | |
| LATICKIA T. BURGINS, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Lloyd Randall's Unopposed Motion to Continue Plea Deadline and Trial Date [Doc. 29], filed on January 26, 2024.

In his motion, Defendant Randall asks the Court to continue the trial date, which is currently set for February 27, 2024, for approximately ninety days and to extend the January 26, 2024 plea deadline and all related deadlines [Doc. 29 pp. 1–2]. In support of his motion, Defendant states that defense counsel "had to unexpectedly travel out of district to attend to a personal matter" [*Id.* at 1]. Defense counsel "has not yet been able to complete the investigation into the facts and circumstances of this matter and cannot yet fully advise the Defendant of the best possible resolution for his case" [*Id.*]. Further, Defendant's motion asserts that granting a continuance will provide the parties an opportunity to explore making a full resolution of the case [*Id.*]. Finally, Defendant's motion reflects that he understands that the period of time between the filing of this motion for continuance and a rescheduled court date will be fully excludable for speedy trial purposes [*Id.*]. Counsel for the Government does not oppose the requested continuance [*Id.* at 2].

On January 29, 2024, the Court ordered the remaining parties to file a position on Defendant Randall's motion to continue [Doc. 30]. Defendant Latickia T. Burgins filed a Response [Doc. 32][1] on February 2, 2024, stating that she does not oppose Defendant Randall's motion to continue [*Id.*].

Based upon the information in Defendant's motion and because the Government and codefendant Burgins do not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i)–(iv). Counsel for Defendant Randall needs more time to investigate the facts of the case, engage in plea negotiations, discuss any offers with Defendant, and prepare for trial in the event plea negotiations are not fruitful. The Court finds that all of this cannot occur before the February 27, 2024 trial date.

The Court therefore **GRANTS** Defendant Lloyd Randall's Unopposed Motion to Continue Plea Deadline and Trial Date [**Doc. 29**]. The trial of this case is reset to **June 18, 2024**. A new, comprehensive trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the motion on January 26, 2024, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

---

[1] While Defendant Burgins filed her response as a motion, the Court construes it as a notice.

Accordingly, it is **ORDERED** as follows:

(1) Defendant Lloyd Randall's Unopposed Motion to Continue Plea Deadline and Trial Date [**Doc. 29**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **June 18, 2024, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) all time between the filing of the motion on **January 26, 2024**, and the new trial date of **June 18, 2024**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **May 17, 2024**;

(5) the deadline for filing motions *in limine* is **June 3, 2024**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **June 4, 2024 at 10:00 a.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **June 7, 2024**.

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge