UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>  )<br>  Plaintiff, )<br>  )<br>v. )<br>  )<br>LLOYD D. RANDALL and )<br>MARK A. WILLIAMS, )<br>  )<br>  Defendants. ) | No. 3:23-CR-127-KAC-DCP |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Lloyd D. Randall's Motion to Continue Trial and All Related Deadlines [Doc. 102], filed on January 5, 2026.

Defendant Randall asks the Court to continue the January 27, 2026 trial date and all related deadlines [*Id*. at 1]. In support of his motion, he states that the Court recently approved funding for an investigator, who needs time to conduct the investigation [*Id*.]. Once the investigation is complete, defense counsel needs time to evaluate the results and prepare the case for trial [*Id*.]. The motion relates that Defendant Randall understands his right to a speedy trial and that the time between the filing of this motion and a new trial date will be excluded for speedy trial purposes [*Id*. at 2]. Defendant Randall "reluctantly" asks that this motion be granted "despite the effect a continuance will have regarding his right to a speedy trial" [*Id*.]. The motion also states that the Government does not object to the requested continuance [*Id*.].

Defendant Mark Williams filed a response stating he has no objection to a trial continuance and extension of the plea deadline [Doc. 103 p. 1]. Defendant Williams states that defense counsel

has explained his right to a speedy trial and acknowledges his understanding that all time between the filing of the motion to continue and the new trial date is excludable for speedy trial purposes [*Id.*].

Based upon the parties' positions and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that not granting a continuance would both result in a miscarriage of justice and deny counsel for Defendant Randall the reasonable time necessary for effective preparation, accounting for the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i)–(iv). Counsel for Defendant Randall needs additional time to use the services of his investigator, to review the results of the investigation, and to otherwise prepare for trial. The Court finds that all of this cannot occur before the January 27, 2026 trial date.

The Court therefore **GRANTS** Defendant Lloyd D. Randall's Motion to Continue Trial and All Related Deadlines [**Doc. 102**]. The trial of this case is reset to **June 9, 2026.** A new schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial, all time between the filing of the motion on January 5, 2026, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

(1) Defendant Lloyd D. Randall's unopposed Motion to Continue Trial and All Related Deadlines [**Doc. 102**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **June 9, 2026, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) all time between the filing of the motion on **January 5, 2026**, and the new trial date of **June 9**, **2026,** is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **May 7, 2026**;

(5) the deadline for filing motions *in limine* is **May 22, 2026**, and responses to motions *in limine* or due on or before **June 2, 2026**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **May 18, 2026, at 1:30 p.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **May 29, 2026**.

**IT IS SO ORDERED.**

ENTER:

*/s/ Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge